## Richmond

### ADAMS AND OTHERS V. BOOKER.

March 13, 1913.

1. APPEAL AND ERROR—*Limitation of Time—Bill of Review.*—Under the provisions of section 3474 of the Code, if the decree appealed from is a decree refusing a bill of review to a final decree rendered more than six months prior thereto, the party aggrieved has six months from the date of the decree refusing such bill of review within which to perfect his appeal, but if the bill of review is refused within six months after the final decree, the time for perfecting an appeal from the final decree is the same as if no bill of review had been refused. The right of appeal from a final decree within one year is not diminished or impaired by the refusal of a bill of review thereto within six months.

Appeal from a decree of the Circuit Court of Amelia county. Decree for the complainant. Defendants appeal.

*Dismissed.*

The opinion states the case.

*W. Moncure Gravatt* and *L. S. Epes,* for the appellants.

*Thomas R. Hardaway,* for the appellee.

HARRISON, J., delivered the opinion of the court.

A final decree disposing of this controversy was entered by the Circuit Court of Amelia county on the 6th of January, 1911. At the following June term a bill of review was filed, and on the 20th day of June, 1911, a decree was

entered dismissing said bill of review. The petition for appeal is from both of these decrees, and prays that each of them may be reviewed and reversed.

The question to be first determined is whether or not the appellants have perfected their appeal within the time prescribed by law, the appellee contending that the appeal bond was not executed within the time required.

The record with the petition for appeal was placed in the hands of one of the judges of this court on the 30th day of December, 1911; the appeal was granted on the 12th day of January, 1912; the clerk of this court issued the process on the 24th day of January, 1912, and the supersedeas bond required, in the penalty of $600, was not executed until the 11th day of April, 1912.

The law prescribing the time in which appeals may be taken is found in Code, 1904, sections 3455 and 3474. The latter section, so far as necessary to be quoted, is as follows: "No process shall issue upon an appeal, writ of error, or supersedeas allowed to or from a final judgment, decree or order, if, when the record with the petition required by section 3457 is delivered to the clerk of the appellate court, there shall have elapsed one year since the date of such final judgment, decree or order; or six months, if the decree appealed from was a decree refusing a bill of review to a final decree rendered more than six months prior thereto. * * * The appeal, writ of error, or supersedeas shall be dismissed whenever it appears that one year, or six months, as the case may be, has elapsed since the said date, before the record with the petition is delivered to such clerk, or before such bond is given as is required to be given before the appeal, writ of error, or supersedeas takes effect."

It is quite clear from this statute that the appellant has one year from the date of the final decree appealed from in which to apply for an appeal and to perfect the same

by executing the bond prescribed by the order granting the appeal. From the year, however, must be excluded the time between the presentation of the petition for appeal and the date of the order granting the appeal.

Instead of the appeal bond being executed, as required, within one year from January 6, 1911, the date of the final decree, it was not executed for more than fourteen months after that date, so that so far as the final decree of January 6, 1911, is concerned, the appeal was plainly not perfected in time.

But the appellants say they rely upon their appeal from the decree of June 20, 1911, dismissing the bill of review, and they insist that they have one year in which to perfect their appeal from the date of that decree. Their contention is that whenever the decree dismissing the bill of review is entered less than six months after the final decree, the party aggrieved has twelve months from the date of such decree, dismissing the bill of review, within which to perfect his appeal; that it is only when the decree dismissing the bill of review is entered more than six months after the final decree that the party aggrieved is limited to six months within which to appeal therefrom.

There is nothing in the language of the law to warrant the contention. The law provides that "if the decree appealed from was a decree refusing a bill of review to a final decree rendered more than six months prior thereto," the party aggrieved should have six months from the date of the decree refusing such bill of review within which to perfect his appeal. There is no extension of time beyond the one year except in the case mentioned, when the decree refusing the bill of review is entered more than six months after the final decree which was sought to be reviewed. The purpose of the provision, obviously, was to prevent a party from being prejudiced in his right of appeal by delay in acting upon the bill of review. There is no provision for any extension of time in which to appeal, in a case like

this, when the decree refusing the bill of review was entered less than six months after the date of the final decree, and for the manifest reason that the party has not been prejudiced in his right of appeal by the intervention of the bill of review. He still has six months in which to perfect his appeal—the same time that is given when the bill of review is refused more than six months after the final decree. In other words, when the bill of review is refused less than six months after the final decree, the right of appeal from such final decree within one year is not diminished or impaired.

It is clear that appellants have not perfected their appeal in this case within the time prescribed by law, and it must, therefore, be dismissed.

*Dismissed.*